IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 17-cr-00461-CMA-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PIOTR BLAZEJEWICZ,

    Defendant.
_____

**ORDER DENYING DEFENDANT'S MOTION FOR AN ORDER ALLOWING PROBATION TO AMEND DEFENDANT'S PRESENTENCE INVESTIGATION REPORT TO REFLECT SUBSTANCE ABUSE ISSUES**
_____

    This matter is before the Court upon Defendant Piotr Blazejewicz's self-styled Motion for Post-Judgment Relief in Allowing Probation to Amend His Presentence Investigation Report to Reflect His Substance Abuse Issues ("the Motion for an Order"). (Doc. # 78.) For the reasons that follow, the Court denies Defendant's Motion for an Order.

    Defendant was charged by Information on December 12, 2017, with two counts: (1) conspiracy to distribute more than 500 grams of cocaine, a Schedule II controlled substance, and (2) knowingly conducting financial transactions involving interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity (distribution of controlled substances in violation of 21 U.S.C. § 841), with the intent to promote the carrying on of the specified unlawful activity, all in violation of 21

U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) and 18 U.S.C. §§ 1956(h) and 1956(a)(1)(A)(i).  (Doc. # 28.)  He pled guilty to both counts and the Court accepted his plea pursuant to Federal Rule of Criminal Procedure 11 on June 27, 2018.  (Doc. ## 45, 46.)

From September 1, 2017, until he was sentenced on January 25, 2019, Defendant was on supervised pretrial release, subject to conditions imposed by the Court.  See (Doc. # 14.)  These prohibited him from using any controlled substances and from using alcohol excessively.  (*Id.* at 2.)  Defendant acknowledged regular consumption of alcohol throughout his pretrial release supervision, but the supervising United States Probation Officer had no indication that Defendant's alcohol use was excessive or a problem.  (Doc. # 81 at 1.)

Over the course of the Probation Office's presentence investigation, the Probation Officer apprised Defendant that any information he provided during the presentence investigation process needed to be truthful and complete.  See (*id.*)  The Probation Officer also informed Defendant that any information garnered during the presentence investigation would be made available to the Court for sentencing considerations, to the Bureau of Prisons ("BOP") for classification and programming, and to the Probation Office for future supervision purposes.  (*Id.*)  The Probation Officer conducted a presentence investigation interview with Defendant by telephone in early July 2018.  See (Doc. # 57 at 8, 10.)  Defendant's spouse later verified the information Defendant had provided to the Probation Officer, and the Probation Officer gathered additional information from collateral resources.  See (*id.* at 8.)

As the Probation Officer recounted in the Presentence Investigation Report ("PSIR"), neither Defendant nor his wife reported any substance abuse concerns during the presentence investigation. (*Id.* at 10–11.) However, in December 2018, Defendant participated in a dual-diagnosis evaluation at a mental health center as a condition of his pretrial release, and he was diagnosed with Amphetamine Use Disorder. (*Id.* at 11.) As the Probation Officer later detailed:

> [Defendant] admitted to the evaluator he had a history of Adderall abuse, but reported he had not used this drug since August 2017. He expressed no desire for treatment. However, as individual dual-diagnosis treatment was recommended, the Probation Office authorized this treatment and the defendant attended individual counseling sessions on several occasions prior to his sentencing hearing.

(Doc. # 81 at 2.)

The PSIR, filed with the Court on January 15, 2019, included all of this information:

> **Substance Abuse**
> 55. The defendant began consuming alcohol at age 21. His most recent reported use of alcohol occurred approximately one week prior to his presentence investigation interview on July 5, 2018. The defendant consumes alcohol minimally and "socially." He estimates consuming one beer per sitting approximately once per week.
> 56. The defendant experimented with marijuana three times between ages 27 and 30. He tried cocaine once at age 32.
> 57. The defendant has no alcohol or substance abuse concerns. He has no substance abuse treatment history.
> 58. The defendant's wife has no concerns about the defendant's minimal use of alcohol.
> 59. It should be noted the defendant has complied with urine testing while on pretrial services release and there have been no indications of any illegal drug use. It should be noted in December 2018, the defendant participated in a dual-diagnosis evaluation at Aurora Mental Health Center in Aurora, Colorado. He was diagnosed with Amphetamine Use Disorder, and was recommended for individual treatment. He has yet to begin any such treatment.

(Doc. # 57 at 10–11.)  Defendant did not object to this portion of the PSIR prior to sentencing.  *See* (Doc. # 62.)

On January 25, 2019, the Court sentenced Defendant to a term of 60 months of imprisonment in the custody of the BOP, to be followed by three years of supervised release.  (Doc. ## 73–75.)  Defendant was immediately remanded to the custody of the BOP.  *See* (Doc. # 73.)

Some five months later, on June 27, 2019, Defendant filed the Motion for an Order presently before the Court.  (Doc. # 78.)  Defendant requests that the Court issue an order "allowing the [Probation Office] to amend [his] [PSIR] to include his substance abuse issues."  (*Id.* at 1.)  Defendant concedes that his PSIR "reflects no alcohol or substance abuse history" but contends that in his "initial period of incarceration, he has finally come to terms and recognition of his substance-abuse problem."  (*Id.* at 3.)  Defendant explains that he "has always minimized his substance abuse problem."  (*Id.*)  He now seeks to obtain treatment for his alleged substance abuse problems through the BOP's Residential Drug Abuse Program ("RDAP") program.  (*Id.*)  He states that the BOP has thus far denied him "access/qualification to the RDAP program because the BOP has determined that 'he did not have verification in his pre-sentence investigation of a drug or alcohol abuse history within a year prior to his arrest on the instance [sic] offense.'"  (*Id.* at 1.)  Also in the Motion for an Order, Defendant's counsel represents that counsel "has always" known of Defendant's substance abuse issues "based on observations during his representation of . . . Defendant."  (*Id.* at 3.)

The Probation Office responded in opposition to Defendant's Motion for an Order on July 17, 2019 (Doc. # 81), pursuant to the Court's Order[1] (Doc. # 79). The Probation Office recommends that the PSIR "not be amended" because the PSIR included all of the information Defendant disclosed during the presentence investigation process and because Defendant, when making those disclosures, knew that he was obliged to be truthful and that the information would be made available to the BOP for programming purposes. (Doc. # 81 at 2.)

The Court denies Defendant's Motion for an Order. As the Probation Office implies in its response, Defendant had meaningful opportunities over the course of nearly 17 months to discuss his substance abuse problems with the Probation Office. And throughout this time, Defendant knew that he was required to be truthful and complete in his responses to the Probation Office's inquiries and that his answers would affect the BOP's programming decisions. Neither Defendant nor his spouse mentioned any challenges with substance abuse. Moreover, even when fully aware at his sentencing hearing that the Court was likely to sentence him to a significant term of imprisonment, neither Defendant nor his counsel discussed substance abuse. The Court sees no reason to now order the Probation Office to now amend its well-researched PSIR to include these new allegations of Defendant's substance abuse. Nor does Defendant provide any authority in support of such an order. The time for

---

[1] In contravention of the Court's Order (Doc. # 79), the Government did not respond to Defendant's Motion for an Order. The Court assumes the Government takes no position on Defendant's request.

Defendant to truthfully and completely inform the Probation Office and this Court of his life circumstances has long passed.

For the foregoing reasons, the Court DENIES Defendant's Motion for an Order. (Doc. # 78.)

DATED: July 31, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge