IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 17-cr-00461-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PIOTR BLAZEJEWICZ,

    Defendant.

_____

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER
DENYING MOTION FOR COMPASSIONATE RELEASE
_____

    This matter is before the Court on Defendant Piotr Blazejewicz's Reconsideration Motion for Compassionate Release ("the Motion") (Doc. # 95), wherein Defendant Blazejewicz moves the Court to reconsider its July 6, 2020 Order Denying Defendant's Motion for Compassionate Release (Doc. # 94). Upon review of the Motion, the Court denies Defendant's Motion without prejudice for failure to exhaust his administrative remedies.

## I.    BACKGROUND

    On June 27, 2018, Mr. Blazejewicz pled guilty to conspiring to distribute 500 grams or more of cocaine and money laundering, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 1956. On January 25, 2019, this Court sentenced Mr. Blazejewicz to a 60-month term of incarceration followed by three years of supervised release. Mr.

Blazejewicz has served roughly 22 months of his sentence, with a current projected release date of April 20, 2023.

Mr. Blazejewicz filed an Emergency Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), and § 3224(c) CARES Act ("Motion for Compassionate Release") on June 22, 2020. (Doc. # 85.) This Court denied the Motion for Compassionate Release on July 6, 2020, finding that Mr. Blazejewicz did not meet the requirements for compassionate release. *See generally* (Doc. # 85). Therein, the Court found that Mr. Blazejewicz's family medical history, the general threat of contracting COVID-19, and his disciplinary record at Morgantown Federal Correctional Institution ("FCI Morgantown") do not constitute extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582. (*Id.* at 5.)

## II.   ANALYSIS

In the instant Motion, Mr. Blazejewicz moves the Court to reconsider its July 6, 2020 Order on the basis that two new developments justify his release: (1) the Centers for Disease Control and Prevention ("CDC") designated obesity as a condition that increases risk of serious complications from COVID-19 after the Court denied Mr. Blazejewicz's Motion for Compassionate Release; and (2) FCI Morgantown now has confirmed cases of COVID-19 among inmates and staff. (Doc. # 95 at 2.) Mr. Blazejewicz's Motion for Reconsideration must be denied for failure to exhaust his administrative remedies because the warden of his facility has not had an opportunity to consider his new arguments in support of compassionate release.

18 U.S.C. § 3582(c)(1)(A) imposes a requirement on a defendant requesting

compassionate release to exhaust all administrative rights before seeking such relief. *See United States v. Perry*, No. 18-cr-00480-PAB, 2020 WL 1676773, at *1 (D. Colo. Apr. 3, 2020). Specifically, Section 3582(c)(1)(A) authorizes a district court, in relevant part, to modify a term of imprisonment upon motion of the defendant, and in certain circumstances, "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). When a defendant fails to satisfy Section 3582(c)(1)(A)'s exhaustion requirement, a court is "without jurisdiction to entertain [the defendant's] request for compassionate release." *Perry*, 2020 WL 1676773, at *1 (quoting *United States v. Keith*, No. CR-16-62-D, 2019 WL 6617403, at *1 (W.D. Okla. Dec. 5, 2019)).[1]

In the instant action, Mr. Blazejewicz filed a request for compassionate release with the warden of his facility, FCI Morgantown, on April 8, 2020. (Doc. # 95.) Warden F.J. Bowers denied Mr. Blazejewicz's request on April 27, 2020. (Doc. # 85 at 8.) Accordingly, Mr. Blazejewicz satisfied the administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1) with respect to his original Motion for Compassionate Release. However, Mr. Blazejewicz argues in his Motion for Reconsideration that the grounds

---

[1] *See also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (concluding that failure to satisfy exhaustion requirement "presents a glaring roadblock foreclosing compassionate release"); *United States v. Rabadi*, No. 13-CR-353 (KMK), 2020 WL 1862640, at *3 (S.D.N.Y. Apr. 14, 2020) ("[A] failure to satisfy 18 U.S.C. § 3582(c)(1)(A)'s filing requirements bars defendants from filing motions for compassionate release, and . . . the judiciary has no power to craft an exception to these requirements for defendants seeking release during the COVID-19 pandemic.") (collecting cases).

warranting his compassionate release changed after he filed a request for compassionate release with the warden of FCI Morgantown. Mr. Blazejewicz does not allege that he has submitted a request for compassionate release with the warden on these newly available grounds. Accordingly, Mr. Blazejewicz has not satisfied the administrative exhaustion requirement with respect to his Motion for Reconsideration. The Court lacks jurisdiction to review his Motion for Reconsideration on the merits and is unable to grant him the relief he requests prior to his exhaustion of the administrative remedies that are available.

### III.  CONCLUSION

For the foregoing reasons, Defendant Piotr Blazejewicz's Reconsideration Motion for Compassionate Release (Doc. # 95) is DENIED.

DATED:  December 7, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge